## ATTACHMENT 1

FILED/REC'D

2026 JUN -3 P 2: 33

CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

## COMPLAINT FORM

### (for non-prisoner filers without lawyers)

IN THE UNITED STATES DISTRICT COURT
FOR THE _WESTERN_____ DISTRICT OF __WISCONSIN__

120 N. HENRY ST. MADISON, WI. 53703

(Full name of plaintiff(s))

GLEN D. GILMER, SR.

TERRI A. GILMER

vs

Case Number 26 CV 518 WMC

(Full name of defendant(s))

W. N. YOSS CONSTRUCTION, INC.

(to be supplied by clerk of court)

WILLIAM JOHNS d/b/a JOHNS EXCAVATING,

ROCK COUNTY CIRCUIT COURT CASE # 19-CV-1222

WISCONSIN DOT GENERAL COUNCIL (PAUL E. NILSEN)

ROCK COUNTY SHERIFF, DEPUTY JOSHUA MOLTER

A. PARTIES

1. Plaintiff is a citizen of ___ILLINOIS___ and resides at
(State)

6518 GIANT OAKS RD, WONDER LAKE, IL. 60097

WITH HIS WIFE. (Address) TERRY GILMER

(If more than one plaintiff is filing, use another piece of paper).

Attachment One (Complaint) – 1

2.    Defendant *PLEASE SEE ATTACMENTS (3)*

(Name)

is (if a person or private corporation) a citizen of _____

(State, if known)

and (if a person) resides at _____

(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for _____

(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B.    STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1.    Who violated your rights;
2.    What each defendant did;
3.    When they did it;
4.    Where it happened; and
5.    Why they did it, if you know.

*SEE FOLLOWING ATTACHMENTS (3)*

# Statement of Claim

Plaintiffs:

Glen D. Gilmer, Sr

Terri Ann Gilmer

6518 Giant Oaks Rd

Wonder Lake, Illinois 60097


Defendants:

W.n. Construction, inc.

Janesville, Wisconsin

John's Excavating

Clinton, Wisconsin


Rock County Circuit Court, branch 2 Judge Grubb


WisDOT General Council

Paul E Nilsen


On May 25, 2018, plaintiffs were riding their motorcycle southbound on S. Carver Rock Rd. In Clinton Township which is in Rock County Wisconsin at 50 mph. Plaintiffs crested a hill and encountered a contracted crew from W.N. Yoss Construction breaking up asphalt in their lane. Zero MUTCD signs were in use causing the plaintiffs to crash and become seriously injured. The police report is clear about zero safety warning signs or traffic control being in use. However, no citations were issued. Plaintiffs were transported by ambulance to Mercy Hospital in Janesville where they were treated for their severe injuries. INFRACTIONS:

Failure to follow MUTCD standards

Moving on...Plaintiffs waited 4 years for their first court date. Their attorney, James Koepke from Beloit, requested a charge of negligence right away. He told plaintiff's in advance this was his strategy to make defendants 100 percent at fault. Upon his request the defense attorney read from directly from the MUTCD and argued the word "shall" does not mean mandatory. Using a Daniel Webster dictionary to define this word Judge Grubb decided "no,"shall does not mean mandatory. ( see MUTCD part 6 "shall.")

Zero charges of any kind were ever applied. The MUTCD and possible federal laws and regulations were ignored.

Title 23 CFR 655. Title VI Interstate Discrimination

14th amendment

This negligent decision made sure the road crew received zero tickets, fines, penalties, or any other type of punishment and because no charges for the defense to defend the plaintiffs were forced into a 4 day trial in a state they do not live in. Bias was evident which plaintiff can explain. The plaintiffs were now forced into a trial in a state they do not live where a local jury decided

FoRMAL comp.        1  oF  2

plaintiff was 50% at fault and awarded both plaintiffs zero compensation. While watched the defendants walk out of the court room never to be held responsible. They continue to operate today without any violations for altering a families life due to their negligence.

Moving on again...Immediately after the juries decision plaintiffs attorney quit and refused to help plaintiffs appeal. Plaintiffs tried for 21 days and failed to secure a new law firm. Plaintiff left a message with Judge Grubbs quarters asking for an extension as they were at a loss as of what to do. But the time passed and they lost their right to appeal. All this is happening after waiting for 4 years. They can never get closure from this alone.

30 days after the trial, Judge Grubb decided it was not Mrs Gilmer's fault her husband crashed or that the Yoss Construction company had no safety signs in use and awarded her $90,000.00 which was immediately accepted by the plaintiffs because they had received zero. Out of this they paid their attorneys overhead. $30,000.00. The amount plaintiffs received didn't even cover the medical costs from the crash which were over $70,000.00. This was a forced settlement.

Today plaintiffs feel manipulated. Not litigated. And what's serious is it is by people overlooking public safety. During the course of time since the trial ended plaintiff reached out to the FHWA and the USDOT seeking answers why this would be permitted. Plaintiff also tried to reach out congressmen, state and federal legislators. Senators. Even Illinois and Wisconsin governors. States attorneys. And many more.

The federal regulations in the MUTCD mandated to keep us all safe are being ignored. The oversight by the FHWA and the USDOT was inadequate. They both directed the plaintiffs to WisDOT for the clarification as to why was a road crew was permitted to work with zero safety signs or traffic control that resulted in a serious crash? This question has never been answered. After trying to contact Wisconsin Department of Transportation many times at the FHWA direction, they had their General Council send Mr. Gilmer a letter threatening him with harassment if he ever communicates with them about this issue again. So much for oversight. Plaintiff believes this was in the scope of federal regulations for the penalty of retaliation He has the letter. A very blatant disregard for federal regulations and our constitutional and civil rights and public safety in general.

Plaintiffs are fed up trying to get the justice and representation they deserve. Mr. Gilmer has never given up trying to seek help. He learned about Per Se since he received the letter from WisDOT. Even though he preferred to hire a law firm. As of today, he is also doing his civic duty to report loopholes in federal regulations that have an immediate effect on the general public's safety. This loophole- shall, is a serious problem when it's used against unsuspecting citizens.

The plaintiffs are seeking maximum compensation under the laws for all the negligence used against them.

2 OF 2

# Statement of Claim

**Original Defendants:**

W.N. Yoss, Inc.
6117 S. County Rd G
Janesville, WI. 53546

John's Excavating
13009 E. Lakeshore
Clinton, WI. 53525

In 2018 both companies were contracted for road repairs and failed to set up the required safety warning signs set forth by the Federal MUTCD that all 50 states must follow causing a serious crash with injuries to a tourist. Zero fines, tickets, penalties, or any other type of disciplinary action was ever imposed.

This incident took place on May 25, 2018 at about 3:15pm on a Friday.

The incident happened at the intersection of S. Carver Rock and Waite Rd. In Clinton Township, Rock County, WI.

Plaintiff believes the two companies failed to work together as to whose responsibility it was for having safety signs up. They say they were there for a short time. Plaintiff traveled the same road in the opposite direction that morning and no signs or road work was present.

# Statement of Claim

Defendant 2:

Rock County Circuit Court

Branch 2

Honorable Judge, Derrick Grubb

51 S. Main St.

Janesville, WI. 53545


Judge Grubb ignored all the federal rules and regulations regarding safety in road construction work zones that all 50 states are required to obey according to the MUTCD and the CFR's. Title 23. Because of this plaintiffs will continue to suffer indefinitely. Plaintiff also had their 14th Amendment rights denied. Judge Grubb allowed the word "shall" to be weaponized by a defense lawyer who was saying the word shall in the MUTCD does not mean mandatory. Judge Grubb used the wrong definition and declared "no" shall does not mean mandatory. Judge Grubb feels it is okay for a road crew to operate out of sight with zero safety warning signs. Judge Grubb also allowed bias in the court room as well. Probably other federal violations the plaintiffs are not aware of. These decisions have caused plaintiff permanent mental anguish.

This occurred after plaintiffs waited four years for a court date during the last week of April, 2022.

The violations took place in the Rock County Circuit Court, Branch 2

Plaintiffs have several reasons that are possible why this was done. First is the loss of Federal aid because the road maintenance may have been funded through infrastructure improvements money by the US government. The state risks losing this aid for MUTCD non compliance. A second reason is bias because the plaintiffs are from Illinois. All they did was go out for lunch one day. Had their lives altered forever. And never received proper justice. Possible nepotism for various reasons.l

# Statement of Claim

Defendant 3

Wisconsin DOT and their General Council

4822 Madison Yards Way room 922

Madison, WI. 53707

C/O Paul E. Nilsen

Assistant

Threatened plaintiff with harassment after the FHWA and the USDOT directed them to the WisDOT for clarification why a road construction company was permitted to operate an active work zone with zero orange MUTCD signs or traffic control in use. ( This is a major concern for public safety as they are responsible for making sure all municipalities in Wisconsin are MUTCD compliant. )

Plaintiff tried for 2 years to reach out to WisDOT for an answer. Plaintiff has had his life altered permanently because of all of this negligence. WisDOT denied plaintiffs request for clarification why this was allowed to happen. Finally their General Counsel sent plaintiff the letter threatening him with harassment in November of 2024.

Plaintiff continued to search for legal representation. Plaintiff is asking for a court appointed attorney as this case is complicated. Plaintiffs cannot get closure until they complete the US District Courts response to these complaints so he is working Per Se.

C.    JURISDICTION

☐    I am suing for a violation of federal law under 28 U.S.C. § 1331.

OR

☐    I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $ *UNDISCLOSED*.

D.    RELIEF WANTED

Describe what you want the court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or stop doing something.

① MAXIMUM COMPENSATION FOR EACH OFFENSE.

② REVERSAL OF LOWER COURTS DECISION.

③ ACCOUNTABILITY AS TO WHY THIS WAS PERMITTED. REQUEST FHWA INVESTIGAION OR MAYBE FBI

④ THE WORD "SHALL" RE-VISTED FOR REMOVAL SO UNSUSPECTING CITIZENS ARE NOT CAUUGHT OFF GUARD.

⑤ BETTER FHWA OVERSIGHT

Attachment One (Complaint) – 4

E.    JURY DEMAND

☐  Jury Demand - I want a jury to hear my case
                OR
☒  Court Trial – I want a judge to hear my case


Dated this __4 TH__ day of __JUNE__ 20 26 .

Respectfully Submitted,

_Glen D. Gilmer, Sr._          Gerri Gilmer
Signature of Plaintiff

_815-790-5044_
Plaintiff's Telephone Number

_ggilmer40@gmail.com_
Plaintiff's Email Address

_6518 GIANT OAKS RD._
_WONDER LAKE, IL. 60097_
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper).


## REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

☒  I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a request to proceed in the district court without prepaying the fee and attached it to the complaint.

☐  I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.


Attachment One (Complaint) – 5